### T. E. HAYMAN CO. v. KNEPPER et al.

(Supreme Court, Appellate Term. June 23, 1904.)

**1. PRINCIPAL AND AGENT—DEFAULT OF PRINCIPAL—LIABILITY OF AGENT.**

An agent of the owner of premises, who was disclosed and known as the principal, and who was relied upon by a real estate broker for the payment of commissions for securing a tenant for the premises, and of whom alone payment was demanded, could not be held liable for such commissions at the suit of the broker.

Appeal from Municipal Court, Borough of Manhattan.

Action by the T. E. Hayman Company against Herman Knepper and others. From a judgment for plaintiff against one defendant, such defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Rosenthal & Brown, for appellant.
Thomas W. McKnight, for respondent.

PER CURIAM. Having begun this action against five persons—two women and three men—upon oral pleadings for "broker's commissions," the plaintiff, in an unverified bill of particulars, alleged retainer for the defendants to secure a tenant for certain premises; that it procured a client who agreed to pay $3,800; that such client was satisfactory to the defendants; and that the defendants agreed to pay the plaintiff for said services as broker the sum of $228, but had not paid any part thereof despite demand. Although the trial was long, little evidence was given to support any of this, and the complaint was dismissed as to all but one defendant. Hayman, of the Hayman Company, volunteered that he wanted to see who was at fault, and gave the want to find out who was responsible as the reason for suing all together. The complaint should have been dismissed as to the remaining defendant, who takes this appeal. He, if anything at all, was but the agent of one of the owners of the premises. That

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 478.

each of the plaintiff's witnesses understood. Not the appellant, but the person disclosed and known as his principal, was the person looked to by the plaintiff for payment, which was demanded from him alone.

Judgment against the appellant reversed, and new trial ordered, with costs to the appellant to abide the event.